# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| CHASE JON GUIDROZ | CIVIL ACTION NO. 6:09-cv-01204 |
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| CROWN EQUIPMENT CORP. | MAGISTRATE JUDGE HANNA |

## ORDER

Before the Court is the Supplemental Motion for Summary Judgment [Record Document 82] filed by Defendant Crown Equipment Corporation on Plaintiff's products liability claims under La. R.S. 9:2800.56 and .57.  Plaintiff claims that the pallet truck, model PE 4000 series, manufactured by Defendant was unreasonably dangerous in design, La. R.S. 9:2800.56, and in the adequacy of its warnings, La. R.S. 9:2800.57, under the Louisiana Products Liability Act ("LPLA").  Defendant contends that summary judgment is warranted on Plaintiff's product liability claims.  The Court **GRANTS in part** and **DENIES in part** Defendant's Motion for Summary Judgment.  [Record Document 82].

### 1.     Plaintiff's Design Defect Claim

First, Defendant contends that Plaintiff has failed to provide evidence to carry his burden under the LPLA including the failure to produce evidence (a) of a feasible alternative design; (b) of the risk/utility of the alternative design; and/or (c) that the alternative design would have prevented the Plaintiff's injury (proximate causation). Defendant contends that for Plaintiff to carry his burden Plaintiff would have to rely on

expert testimony.  Defendant argues that Plaintiff provides no reliable expert testimony on these points, and thus contends that summary judgment is warranted.

The Court has already ruled orally, at the July 8, 2011 Daubert Hearing, that Plaintiff's liability experts are qualified to testify within the scope of their expert reports. [Record Document 101].  The opinions expressed by these experts (Michael Burdette and Dr. H. Harvey Cohen) satisfy the Plaintiff's burden for a prima facie case of a feasible alternative design under the Louisiana Products Liability Act.  Mr. Burdette opined that an alternative design included: a "tactile transition" around the edge of the operator platform and/or a band of contrasting color around the end of the operator platform.  Dr. Cohen provided no alternative design of his own, but opined that Crown itself produced a similar forklift truck with a three inch wider base which was safer than the design involved in this accident.  As to the other elements necessary for Plaintiff to prevail under the Louisiana Products Liability Act, the Court finds that this is a case wherein the jury does not need the aid of expert testimony to undertake the necessary risk/utility balancing required by the LPLA nor to undertake an evaluation of the proximate causation issue.  The jury, relying on their background knowledge and common sense, will be able to fill in any gaps given Plaintiff's simple theory of the case. See Marlbrough v. Crown Equipment Corp., 392 F.3d 135, 137 (5th Cir. 2004); Lavespere v. Niagara machine & Tool Works, Inc., 910 F.2d 167, 184 (5th Cir. 1990).

Plaintiff has presented evidence and a genuine dispute of material fact as to his design-defect claim, and thus summary judgment is not appropriate on Plaintiff's design-defect claim under Rule 56.  Therefore, the Court **DENIES** Defendant's Motion

for Summary Judgment on Plaintiff's claims under La. R.S. 9:2800.56.

### 2. Plaintiff's Failure to Warn Claim

Second, Defendant contends that summary judgment is warranted on Plaintiff's inadequate-warnings claim because Plaintiff has failed to provide evidence that the warnings on the subject pallet truck are inadequate. The Court agrees and thus **GRANTS** Defendant's Motion for Summary Judgment on Plaintiff's claims under La. R.S. 9:2800.57.

The warnings on the pallet jack warned that an operator's foot could be crushed if the foot does not remain within the operator area of the pallet jack. (Def.'s Mot. Summ. Jud., Exh. E, [Record Document 82-5]). A similar warning is given in the manual to the pallet jack. (Def's Mot. Summ Jud., Exh. F, [Record Document 82-6, at 3]). These warnings imply that an operator should be aware of his feet placement and should take caution to keep his feet within the space of the pallet jack platform. Plaintiff does not point to any evidence that would tend to show that the warnings given were inadequate. Plaintiff provides argument in his legal memorandum that the pallet jack should have contained a warning that an operator's feet _will_ come off the edge of the platform without their knowledge, given testimony that indicates an operator's feet may come off the edge of the platform without the operator's knowledge. Plaintiff's legal memorandum, with the subject warnings attached as exhibits to Defendant's Motion, does not create a genuine dispute of material fact as to the sufficiency of the subject warnings. Stahl v. Novartis Pharma. Corp., 283 F.3d 254, 264-65 (5th Cir. 2002) ("A 'mere allegation of inadequacy' is insufficient for a plaintiff to survive

summary judgment on a failure-to-warn claim."); Broussard v. Procter & Gamble Co., 463 F. Supp. 2d 596, 609-10 (W.D. La. 2006).  The explicit warning that the operator must keep his feet (and other body parts) on the platform to avoid a crush injury contains the implicit warning that the operator's feet may come off of the platform.

Plaintiff's own experts do not opine regarding the adequacy of the warnings for the pallet jack, but rather restrict their opinions to Plaintiff's allegations of defective design in the platform to the pallet jack.[1]  In fact, Plaintiff's expert, Dr. Cohen, states that there is no warning which would be sufficient to "warn away" the design defect in this case.

Therefore, the Court **GRANTS** summary judgment on Plaintiff's inadequate-warnings claim.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 11th day of July, 2011.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE

---

[1] Dr. Cohen does not offer an alternative design in his expert report, but rather alludes to the platforms sold by Defendant which have an additional three inches added to the platform's radius.  Mr. Burdette offers as an alternative design a platform that contains a "tactile transition" or a colored band around the edge of the operator's platform.  Like Mr. Cohen, Mr. Burdette's opinions relate only to the design of the platform, and not to the warnings given for the pallet jack.